**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

February 17, 2011

Anthony R. Mignini, Esq.
Mignini & Raab, LLP
2015 Emmorton Road, Ste. 202
Bel Air, MD   21015

Alex S. Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD   21201

**Re: John Bowser v. Michael J. Astrue, Commissioner of Social Security, PWG-09-969**

Dear Counsel:

Pending before the Court is Plaintiff's Motion for Award of Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 23.) Plaintiff's counsel requests an award of attorney fees in the amount of $22,904.63, to be paid from the past-due Social Security benefits payable on this claim. Defendant filed a response to the Motion, arguing that the requested fee is unreasonable because it represents a windfall to counsel. (ECF No. 29.). Plaintiff also filed a reply to Defendant's response asserting that this is a reasonable fee in accordance with *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). (ECF No. 30).  For the reasons set forth more fully herein, Plaintiff's Motion for Award of Attorney Fees is GRANTED.

This case was filed on April 16, 2009. By Order entered February 17, 2010, the case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). (ECF No. 18.)  Plaintiff then filed a Motion for Award of Attorney Fees and Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which was granted on

March 16, 2010, in the amount of $3,700.00. (ECF No. 22.). On September 9, 2010, Plaintiff filed the instant Motion, requesting an award of attorney fees pursuant to 42 U.S.C. § 406(b).[1] (ECF No. 23). On remand from this Court, the Appeals Council issued a fully favorable decision granting Plaintiff's claim for benefits and finding him disabled beginning December 31, 2003. A copy of this decision, dated May 28, 2010, is appended as Attachment 2 to Plaintiff's Motion (ECF No. 23, p. 2).

42 U.S.C. § 406(b)(1)(A) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The United States Supreme Court, in *Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002), addressed the issue of how to determine what is a reasonable fee for representation of Social Security benefits claimants in court. The Court discussed whether contingent fee agreements were presumptively reasonable if not in excess of 25 percent of past-due benefits, or whether courts should begin with a "lodestar calculation" of the type used in other fee-shifting statutes. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). The Court, noting that contingent-fee agreements were common in the United States, especially in Social Security representation, found that Congress designed section 406(b) of the Social Security Act to control, rather than displace fee agreements between Social Security claimants and their counsel. *Id.* at 793, 807, 122 S.Ct. 1817. The Court held as follows:

---

[1] Attorneys for successful Social Security claimants may be awarded fees under both the EAJA and 42 U.S.C. § 406(b), but the attorney "must refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht,* 535 U.S. at 796, 122 S.Ct. 1817 (citing Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186).

> Most plausibly read, we conclude § 406(b) does not displace
> contingent-fee agreements as the primary means by which
> fees are set for successfully representing Social Security
> benefits claimants in court. Rather, § 406(b) calls for
> court review of such arrangements as an independent check,
> to assure that they yield reasonable results in particular
> cases. Congress has provided one boundary line: Agreements
> are unenforceable to the extent that they provide for fees
> exceeding 25 percent of the past-due benefits. Within the
> 25 percent boundary, . . . the attorney for the successful
> claimant must show that the fee sought is reasonable for
> the services rendered.

*Id.* at 807, 122 S.Ct. 1817.

To ensure compliance with *Gisbrecht,* courts must first review a request for attorney fees under section 406(b) in conjunction with the contingent fee agreement and determine if both are within the 25 percent boundary. The court must then determine whether the claimant's attorney has shown that the fee sought is reasonable for the services rendered. An attorney's recovery may be reduced based upon the character of the representation and the results achieved. *Id.* at 808, 122 S.Ct. 1817. For example, a downward adjustment may be appropriate if the attorney was responsible for delay or if the benefits are large in comparison to the amount of time spent on the case. *Id.* Courts may require, and should review, a record of the attorney's time spent representing the claimant and a statement of the attorney's normal hourly billing rate for non-contingent fee cases. *Id.*

In the instant case, Plaintiff's attorney seeks a fee of $22,904.63 for work performed on behalf of the Claimant. Plaintiff contracted with his attorney to pay 25 percent of any past due benefits owing to him. Claimant has expressed his satisfaction with counsel's work and the amount he is to receive from the past benefits. (Attachment 1 to ECF No. 30). According to the documents filed with the Court, Plaintiff's past due benefits are approximately $91,618.50. (ECF No. 29.) Plaintiff's counsel notes that he has reduced the claimed fee by the fees that have already been awarded under the EAJA (i.e., $3,700.00, the EAJA amount which must be refunded to the client) and that he is not seeking any fees 42 U.S.C. § 406(a) (for representation at the administrative level). The request thus meets the first step in the *Gisbrecht* analysis.

3

In arguing that the fee is reasonable, Plaintiff's attorney notes that in this case, but for the involvement of counsel and his knowledge of the law and regulations, Claimant would not have received past due benefits. Counsel also argues that the amount of past due benefits owing in this case increased due to the delay of two years the Agency took to correct the ALJ's error in applying an improper age category. Counsel has presented to the Court, in conjunction with the fee petition, an itemized statement of the time expended in representing Plaintiff in this Court. (Attachment 7 to ECF No. 19). Counsel spent a total of 22.9 hours representing the Plaintiff in this Court. Counsel argues that although this amount of time may be less than that spent by other practitioners in the field, he has a considerable Social Security practice in this Court and his expertise allows him to provide efficient, yet effective representation in these matters. Indeed, the Court notes that Mr. Mignini is among the most knowledgeable and successful Social Security claimants' attorneys practicing before this Court, and claimants retaining him receive effective and professional representation. The representation in this case was no different, as counsel obtained a remand resulting in a finding of disability commencing December 31, 2008. Finally, Plaintiff's counsel argues that there was no delay in this litigation attributable to him nor has the Defendant alleged any. Thus, the award need not be reduced due to any delay in the litigation. *See Gisbrecht,* 535 U.S. at 808, 122 S.Ct. 1817.

In considering all of these arguments, the Court also notes that the Plaintiff has filed a document with the Court indicating that he consents to the fee requested by his counsel. (ECF No. 20.) Although the claimant's consent is not a consideration specifically included under the *Gisbrecht* method, the Court gives this consent some weight, for it clearly shows that the Plaintiff valued the services provided to him by his counsel and deems them worthy of the requested award.

The Commissioner filed a response to Plaintiff's Motion, arguing that the requested fee of $22,904.63 is unreasonable because it represents a windfall to the attorney, amounting to $1000.20 per hour for the 22.9 hours of work performed in this case. Defendant cites the *Gisbrecht* Court's statement that "[i]f the benefits are large in comparison to the time spent on the case, a downward adjustment is similarly in order." *Gisbrecht v. Barnhart,* 535 U.S. 789, 808, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). The Commissioner asks the Court to award "a reasonable fee" but notably makes no suggestion of what the reasonable fee would be. (Def.'s Response, p. 4.)

Plaintiff argues that using Defendant's method in this case would result in determining a reasonable hourly rate for the services performed and multiplying it by the number of attorney hours spent on the case. This would, in effect, mean relying upon a lodestar calculation and rejecting the primacy of a lawful attorney-client fee agreement, the very procedure that was rejected in *Gisbrecht.* 535 U.S. at 793, 122 S.Ct. 1817. Counsel for Plaintiff also states that his hourly rate as calculated by the Defendant would amount to $838.82 once the $3,700.00 refund to Claimant is calculated not the Defendant's $1000.20 per hour calculation.  I agree with Claimant. Using the Defendant's method of calculation would not give effect to the contingent-fee agreement entered into by the parties, nor would it take into account the value of the representation Plaintiff received. Although the result is a large attorney's fee for the amount of time spent, the Court finds that the fee is not in violation of the allowable 25 percent, and is an amount to which the Plaintiff feels that his attorney is entitled. Accordingly, Defendant's argument is without merit. Based upon the foregoing, the Court finds Plaintiff's requested attorney fee of $22,904.63 with a refund of $3,700.00 to Claimant reasonable in light of all the circumstances in this case. Therefore, the Motion for Award of Attorney Fees (ECF. No. 23) is **GRANTED.**


_____/s/_____
Paul W. Grimm
United States Magistrate Judge